UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL DAVIS, Individually and on : Case No.: 06-cv-00499(DC)
Behalf of All Persons Similarly Situated, :
:
Plaintiffs, :
:
-against- : **AMENDED COMPLAINT**
:
:
RANDSTAD NORTH AMERICA, L.P. :
And AUTOMATIC DATA :
PROCESSING, INC., :
:
Defendants. :
-----------------------------------------------------------x



Plaintiff, on behalf of himself and all others similarly situated, allege for their complaint against Randstad North America, L.P. ("Randstad") and Automatic Data Processing, Inc. ("ADP"), upon knowledge with respect to their own acts and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff further alleges on behalf of himself and other similarly situated current and former employees of Randstad and ADP and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are (i) entitled to unpaid wages from Randstad and ADP, jointly and severally, for hours worked, (ii) entitled to unpaid wages from Randstad and ADP, jointly and severally, for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## THE PARTIES

2. Plaintiff, Michael Davis, was at all relevant times an adult individual residing at 2537 Bedford Avenue, Brooklyn, New York 11226.

3. Upon information and belief, Randstad is a Delaware foreign limited partnership authorized to do business, and is doing business, in New York, with its principal place of business located at 2015 S. Park Place, Atlanta, Georgia 30339. Randstad, a wholly owned subsidiary of Netherlands based Randstad Holding N.V., is an employment services provider. Upon information and belief, Randstad, among other things, provides employees to ADP who work at ADP offices and/or facilities under the direction and supervision of ADP, although such employees are on the payroll of Randstad.

4. Upon information and belief, ADP is a Nevada foreign business corporation authorized to do business, and is doing business, in New York, with its principal place of business located at One ADP Boulevard MS433, Roseland, NJ 07068. ADP, among other things, provides payroll services to businesses throughout the United States.

## COLLECTIVE ACTION ALLEGATIONS

5. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Randstad under contract to ADP during the Statutory Period in the ADP New York City printing office and the Jersey City, New Jersey printing office who were non-exempt employees within the meaning of the

2

FLSA and who were not paid wages, both for hours worked and overtime, in violation of the FLSA (the "Collective Action Class"). The Collective Action Class does not include Randstad's or ADP's directors, officers or members of their families.

6. The practices of failing to pay wages and overtime complained of herein affect each member of the Collective Action Class. The members of the Collective Action Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which the calculation of that number can be precisely made are presently within the sole control of Randstad and ADP.

7. There exist no conflicts of interest as between the Plaintiff and the other Collective Action Class members. The Plaintiff has retained counsel that is competent and experienced. The Plaintiff and his counsel will fairly and adequately represent the interests of the Collective Action Class.

8. This collective action is superior to any other method for the fair and efficient adjudication of this dispute. The damages suffered by many members of the Collective Action Class are small in relation to the expense and burden of individual litigation and therefore it is highly impractical for individual Collective Action Class members to attempt to vindicate their interests individually. There will be no extraordinary difficulty in the management of this collective action.

9. The claims of Plaintiff are typical of the claims of the Collective Action Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against corporate defendants.

10. Randstad and ADP have acted or refused to act on grounds generally applicable to the Collective Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Collective Action Class as a whole.

11. All Collective Action Class members have been damaged in the same fashion, by the same conduct. The degree of damages suffered by individual Collective Action Class members is readily calculable according to an ascertainable formula. For these reasons, questions of law and fact will predominantly be common to the Collective Action Class. Among the questions of law and fact common to the Collective Action Class are:

    a. whether Randstad and ADP employed the Collective Action members within the meaning of the FLSA;

    b. what proof of hours worked is sufficient where the employer fails in its duty to maintain the time records;

    c. whether Randstad and ADP failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the

FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d. whether Randstad and ADP failed and/or refused to pay the Collective Action Members both for hours worked and overtime compensation for hours worked in excess of eight hours per day and/or forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Randstad's and ADP's violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Randstad and ADP are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

g. whether Randstad and ADP should be enjoined from such violations of the FLSA in the future; and

h. whether Randstad and ADP are jointly and severally liable for the damages claimed hereunder.

## FACTS

12. At all relevant times, Randstad operated a business which, in relevant part, provided employment services to companies throughout the New York metropolitan area. As part of its business, Randstad provided, and continues to provide, employees to ADP who work at

ADP's printing offices in New York City and Jersey City, NJ. Such employees are paid by Randstad but work under the direct supervision and control of ADP.

13. From in or about 1999 until the present, Plaintiff was employed as a print pool clerk by Randstad at the offices of ADP at ADP's New York City print center located at 42 Broadway, New York, New York 10004 and was under the direct supervision and control of ADP employees.

14. Plaintiff's work was performed on the premises of the ADP's print center and was performed in the normal course of Randstad's and ADP's business.

15. His duties did not include managerial responsibilities or the exercise of independent judgment.

16. Plaintiff often worked in excess of 8 hours per day and/or 40 hours a week, yet Randstad and ADP willfully failed to pay Plaintiff overtime compensation of one and one-half time his regular hourly rate, for an extra hour in each day worked over ten hours and for hours actually worked in violation of the New York Labor Law.

17. For example:
    a. For the week of January 31. 2005 to February 4, 2005, Mr. Davis worked the following 52 hours:

        Monday, January 31, 2005:    6:00 a.m. to 2:00 p.m.
        Tuesday, February 1, 2005:    7:30 a.m. to 7:30 p.m.

| | |
|---|---|
| Wednesday, February 2, 2005: | 7:30 a.m. to 7:30 p.m. |
| Thursday, February 3, 2005: | 7:30 a.m. to 7:30 p.m. |
| Friday, February 4, 2005: | 7:30 a.m. to 3:30 p.m. |

Mr. Davis' Punch Detail Report and employee paycheck only accounted for 40 of these hours and did not even account for any time worked on Tuesday, February 1, 2005.

b. For the week of February 28, 2005 to March 4, 2005, Mr. Davis worked the following 52 hours:

| | |
|---|---|
| Monday, February 28, 2005: | 6:00 a.m. to 2:00 p.m. |
| Tuesday, March 1, 2005: | 7:30 a.m. to 7:30 p.m. |
| Wednesday, March 2, 2005: | 7:30 a.m. to 7:30 p.m. |
| Thursday, March 3, 2005: | 7:30 a.m. to 7:30 p.m. |
| Friday, March 4, 2005: | 7:30 a.m. to 3:30 p.m. |

Mr. Davis' Punch Detail Report and employee paycheck only accounted for 39 of these 52 hours and did not even account for any time worked on Friday, March 4, 2005.

c. Mr. Davis worked full shifts on August 29 and 30, 2005. However, his time clock schedule did not account for these days and reflected only 36 hours worked that week.

18. The foregoing are but a few examples of a regular and systematic practice of Mr. Davis being denied wages for hours worked and overtime.

19. Throughout the Statutory Period, Randstad and ADP have likewise employed other individuals like the Plaintiff in non-exempt positions and that did not include any managerial responsibilities or the exercise of independent judgment. Such individuals worked in either ADP's New York City printing office or ADP's Jersey City printing office. Such individuals further had their hours worked determined and recorded by the same supervisor(s).

20. Such other individuals have worked in excess of 40 hours a week and more than 8 hours a day, yet Randstad and ADP have willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, for an extra hour in each day worked over ten hours and for hours actually worked in violation of the New York Labor Law. As stated above, the exact number of such individuals is presently unknown, but within the sole knowledge of Randstad and ADP and can be ascertained through appropriate discovery.

21. Throughout the Statutory Period, upon information and belief Randstad and ADP failed to maintain accurate and sufficient time records.

## CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

22. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 21 as if fully set forth herein.

23. At all relevant times, Randstad and ADP each have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203, 206(a) and 207(a).

24. At all relevant times, Randstad and ADP employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Randstad and ADP each has had gross annual revenues in excess of $500,000.

26. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

27. At all relevant times, Randstad and ADP had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of eight hours per day and/or forty hours per workweek as well as for actual hours worked.

28. As a result of Randstad's and ADP's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and/or forty hours in a workweek, as well as for actual hours worked, Randstad and ADP have violated and continue to violate the FLSA, 29 U.S.C. §§ 2-1 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

29. As a result of Randstad's and ADP's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Randstad and ADP have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

30. As a result of Randstad's and ADP's failure to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, Randstad has violated and continues to violate C.F.R. § 516.4.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

32. Due to Randstad's and ADP's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Randstad and ADP, jointly and severally, their unpaid hours worked and overtime compensation, an additional amount equal to one-hundred percent (100%) of their unpaid wages and overtime pay as liquidated damages, pre- and post judgment interest, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and the Collective Action Class, requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective Action Class, appointing Plaintiff and his counsel to represent the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against Randstad and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

d. An injunction against ADP and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein;

e. An award of unpaid wages and overtime compensation due under the FLSA against Randstad and ADP, jointly and severally;

f. An award of liquidated and/or punitive damages against Randstad and ADP, jointly and severally as a result of Randstad's and ADP's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of pre-judgment and post-judgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

Dated: New York, NY
August 11, 2006

LIDDLE & ROBINSON, L.L.P.

By: _____
Blaine H. Bortnick
James R. Hubbard
800 Third Avenue
New York, New York 10022
Telephone: (212) 687-8500
Facsimile: (212) 687-1505

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFF